UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

STEPHANIE CONDADO,

    Plaintiff,

-against-

P&C PAGELS, INC. d/b/a P&C BAGELS, PAUL ABATANGELO, and LINDA ABANTANGELO

    Defendants.

---

Case No.:

**COMPLAINT**

**Collective Action and Class Action Complaint**

---

Plaintiff STEPHANIE CONDADO, by and through her attorneys, FISHER TAUBENFELD LLP, alleges against Defendants P&C BAGELS ("P&C" or the "Corporate Defendant"), PAUL ABATANGELO, and LINDA ABANTANGELO (the "Individual Defendants") (the Corporate Defendant and Individual Defendants are collectively "Defendants") as follows:

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction pursuant to 29 U.S.C. § 201 *et seq.* (Fair Labor Standards Act), 28 U.S.C. § 1337 (interstate commerce), and 28 U.S.C. § 1331 (original federal question jurisdiction). Supplemental jurisdiction over the New York State law claims is conferred by 28 U.S.C. § 1367(a), as such claims are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

2. Venue is proper in this District because Defendants conduct business in this district, and the acts and/or omissions giving rise to the claims alleged herein took place in this District.

## THE PARTIES

3. Upon information and belief, the Corporate Defendant is a domestic business corporation previously organized and existing under the laws of the State of New York and maintains its principal place of business at 7905 Metropolitan Ave, Flushing, NY 11379.

4. Upon information and belief, at all times relevant hereto, the Corporate Defendant has been a business or enterprise engaged in interstate commerce employing more than two (2) employees and earning gross annual sales over $500,000.

5. Upon information and belief, at all relevant times hereto, Defendants have been and continue to be "employers" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 203.

6. Defendants constitute an enterprise within the meaning of the FLSA, 29 U.S.C. § 203(r).

7. At all relevant times hereto, Plaintiff was engaged in interstate "commerce" within the meaning of the FLSA.

8. Upon information and belief, Individual Defendants reside in the State of New York and ore owners, managers and/or employees of the Corporate Defendant.

9. The Corporate Defendant is a bagel shop and deli.

10. Individual Defendants possess the authority to hire and fire employees, supervise their work schedules, set their rates of pay and maintain payroll records.

11. Individual Defendants approve the payroll practices for P&C Bagels' employees, including Plaintiff.

12. Individual Defendants possess operational control over P&C Bagels and its employees through his financial control over P&C Bagels.

13. Plaintiff has been employed by Defendants to work as a cashier and café worker within the last six (6) years.

14. Individual Defendants are individually sued in their capacities as owners, officers, employees, and/or agents of the Corporate Defendant.

15. Individual Defendants exercise sufficient operational control over the Corporate Defendant's operations to be considered Plaintiff's employers under FLSA and New York State Labor Law ("NYLL").

16. At all relevant times, Defendants have been Plaintiff's employers within the meaning of the NYLL §§ 2 and 651.

## NATURE OF THE ACTION

17. Plaintiff brings this action (a) pursuant to the FLSA and the regulations thereto; and (b) pursuant to the NYLL (§ 650 *et seq.*) and the New York Commissioner of Labor's Wage Order (the "Wage Orders,") codified at 12 N.Y.C.R.R. 146 *et seq.*, based upon the following acts and/or omissions which Defendants committed:

  i. Defendants' failure to pay overtime compensation required by federal and state law and regulations to Plaintiff who worked in excess of forty (40) hours per week;

  ii. Defendants' failure to pay Plaintiff the proper minimum wage;

  iii. Defendants' misappropriation of Plaintiff's tips under NYLL § 196-d; and

  iv. Defendants' failure to provide Plaintiff with a wage notice and paystubs as required by NYLL § 195.

18. Plaintiff also brings a claim for retaliation under the FLSA's retaliation provision, 29 U.S.C. §215 and the NYLL's retaliation provision, NYLL §215.

19. Defendants have knowingly and willfully engaged in a policy, pattern or practice of violating the FLSA and NYLL, as detailed in this Complaint.

## FACT ALLEGATIONS

### I. Defendants' Wage and Hour Violations.

20. At all times relevant hereto, Defendants have committed the following acts and/or omissions intentionally and willfully, with knowledge that they have been violating federal and state laws and that Plaintiff has been and continues to be economically injured.

21. Defendants have maintained a policy and practice of failing to pay overtime compensation required by federal and New York State law and regulations to Plaintiff, who worked in excess of forty (40) hours per week.

22. Defendants have maintained a policy and practice of failing to properly pay their employees.

23. Defendants have maintained a policy and practice of failing to provide Plaintiff with proper wage notices and paystubs.

### A. Plaintiff's Schedule and Pay.

24. Plaintiff worked for Defendants as a cashier and café worker from December 28th, 2019, until Defendants terminated her on April 11th, 2021.

25. For the first two weeks of Plaintiff's employment, she worked seven days a week, from 6:30 or 7:00 a.m. until 3:00 p.m.

26. After the first two weeks, Plaintiff worked six days a week, from 7:00 a.m. until 3:00 p.m.

27. Defendants compensated Plaintiff at the rate of $11.00 an hour during her month-long training period.

28. After her training period, Defendants raised Plaintiff's wage to $12.00 per hour, and then $13.00 per hour.

29. Throughout her employment, Plaintiff regularly worked more than 40 hours a week. However, Defendants failed to pay her for all of her hours worked.

30. Defendants violated both the federal Fair Labor Standards Act and the New York Labor Law by failing to pay Plaintiff at the proper rate of time-and-a-half for her extensive overtime hours.

### B. Additional Wage Violations Affecting Plaintiff.

#### 1. Misappropriation of Tips

31. Defendants required that Plaintiff share with them the tips that she received from customers.

32. Defendants therefore misappropriated Plaintiff's tips in violation of NYLL § 196-d.

#### 2. Notice and Recordkeeping Violations

33. Defendants failed to provide Plaintiff with a wage notice in compliance with NYLL § 195.

34. Defendants did not provide Plaintiff with a notice specifying her rate of pay, the basis of pay, allowances (if any) claimed against the minimum wage (e.g., tips, meals, lodging, etc.), or the identification of the regular pay day.

35. Defendants also did not provide Plaintiff with proper paystubs specifying the pay period, her hourly rate of pay, the regular and overtime hours she worked, or all the other information required under NYLL § 195.

36. Accordingly, Defendants have willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL and supporting regulations.

### 3. Defendants' Retaliation Against Plaintiff Because of Her Complaints About Wages

37. Defendants reduced the number of days Plaintiff worked because she complained about being paid unlawfully under federal and state law.

38. In or around October 2020, Plaintiff complained to Defendant Linda Abantangelo via text message that she was not being paid the correct amount per hour or provided with overtime pay.

39. Defendant Linda Abantangelo wrongly told Ms. Condado that because P&S Bagels had fewer than 10 employees, it did not need to pay its employees more than $13 an hour.

40. Defendant Linda Abantangelo also told Ms. Condado that P&C Bagels did not want to pay her on the books.

41. Directly after her complaints about pay in October, Defendants significantly reduced Plaintiff's working hours.

42. Ms. Condado again complained about P&C Bagels' pay practices in late March 2021.

43. A few weeks later, P&C Bagels terminated her employment.

## FIRST CLAIM FOR RELIEF
**(Overtime Wage Violations under the FLSA against all Defendants)**

44. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

45. Throughout the statute of limitations period covered by these claims, Plaintiff regularly worked in excess of forty (40) hours per workweek.

46. At all relevant times hereto, Defendants have had and operated under a decision, policy and plan, and under common policies, programs, practices, procedures, protocols, routines and rules of knowingly and willfully failing and refusing to pay Plaintiff at one and a half times their regular rate of pay for all hours of work in excess of forty (40) hours per workweek, and willfully failing to keep required records, in violation of the FLSA.

47. Plaintiff seeks damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the FLSA, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## SECOND CLAIM FOR RELIEF
**(Overtime Wage Violations under NYLL against all Defendants)**

48. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

49. New York law prohibits an employer from permitting an employee to work without paying overtime wages of 150% of his or her regular rate for all hours worked in excess of forty (40) in any workweek.

50. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required

overtime rates, one and a half times their regular rate of pay, for hours worked in excess of forty (40) per workweek.

51. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## THIRD CLAIM FOR RELIEF
**(Minimum Wage Violations under NYLL against all Defendants)**

52. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

53. New York law requires an employer to pay all employees minimum wage, which was set at $15 per hour for all New York City employers employing fewer than 10 people as of December 31, 2019.

54. Throughout the statute of limitations period covered by these claims, Defendants knowingly, willfully, regularly and repeatedly failed to pay Plaintiff at the required minimum wage rate.

55. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks recovery for unpaid wages in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 663 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FOURTH CLAIM FOR RELIEF**
**(NYLL Failure to Notify against all Defendants)**

56. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

57. Pursuant to §195(1) of the NYLL, within ten business days of Plaintiff's hiring, Defendants were obligated to provide her with a notice describing, *inter alia*, her hourly regular and overtime rates of pay.

58. Pursuant to §195(3) of the NYLL, Defendants are obligated to provide Plaintiff with a wage statement, along with her pay, that specified her rate of pay, her hours worked, and the pay period.

59. Defendants failed to provide Plaintiff with a notice or paystub in accordance with §195 of the NYLL.

60. As a direct and proximate result of Defendants' willful and unlawful conduct, as set forth herein, Plaintiff has sustained damages and seeks damages in accordance with §195 of the NYLL for each week Defendants failed to provide such notice and paystubs, along with attorneys' fees, costs and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

**FIFTH CLAIM FOR RELIEF**
**(Unlawful Misappropriation of Tips under the NYLL against all Defendants)**

61. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

62. NYLL §196-d makes it illegal for an employer to "demand or accept, directly or indirectly, any part of the gratuities, received by an employee, or retain any part of a gratuity or of any charge purported to be a gratuity for an employee."

9

63. On a regular basis, Defendants retained a portion of the tips that Plaintiff and other similarly situated employees received from Defendants' patrons.

64. As a direct and proximate result of Defendants' unlawful conduct as set forth herein, Plaintiff has sustained damages and seeks recovery of her tips in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 198 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

### SIXTH CLAIM FOR RELIEF
**(New York Labor Law Retaliation Against all Defendants)**

65. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

66. New York State Labor Law § 215 prohibits an employer from disciplining an employee because "such employee has made a complaint to his or her employer, or to the commissioner or his or her authorized representative, or to the attorney general or any other person, that the employer has engaged in conduct that the employee, reasonably and in good faith, believes violates any provision of this chapter."

67. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the NYLL.

68. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by NYLL § 215 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## SEVENTH CLAIM FOR RELIEF
### (FLSA Retaliation against all Defendants)

69. Plaintiff repeats and realleges all paragraphs above as though fully set forth herein.

70. 29 U.S.C. § 215 prohibits employers from "discharg[ing] or in any other manner discriminat[ing] against . . . any employee because such employee has filed any complaint or instituted . . . any proceeding under or related to this chapter."

71. In committing the above-mentioned retaliatory acts, Defendants have discharged and retaliated against Plaintiff for making a complaint that Defendants violated the FLSA.

72. As a direct and proximate result of Defendants' unlawful conduct, as set forth herein, Plaintiff has sustained damage and seeks recovery for retaliation in an amount to be determined at trial, attorneys' fees, costs, liquidated damages and prejudgment interest as provided by FLSA § 216 and supporting regulations, and such other legal and equitable relief as this Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment awarding:

A. Compensatory Damages in an amount to be determined at trial;

B. Prejudgment Interest;

C. Liquidated Damages pursuant to the FLSA and NYLL;

D. Back Pay, Front Pay, and damages for all employment benefits Plaintiff would have received but for the discriminatory and retaliatory acts and practices of Defendants;

E. Compensatory, punitive, mental anguish, pain and suffering damages sustained as a result of Defendants' discriminatory and retaliatory conduct;

F. Plaintiff's costs and reasonable attorneys' fees; and

G. Any relief the Court deems just and proper.

Dated: March 22, 2022
      New York, New York

                                         Respectfully submitted,

*Michael Taubenfeld*
Michael Taubenfeld
FISHER TAUBENFELD LLP
225 Broadway, Suite 1700
New York, New York 10007
Phone: (212) 571-0700
Facsimile: (212) 505-2001
*ATTORNEYS FOR PLAINTIFF*